IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| P & M DISTRIBUTORS, INC.           )<br>                                                        )<br>       Plaintiff,                             )<br>                                                        )<br>vs.                                                   )<br>                                                        )<br>PRAIRIE FARMS DAIRY, INCORPORATED, )<br>P.F.D. SUPPLY CORPORATION and )<br>MULLER-PINEHURST DAIRY, INC.     )<br>                                                        )<br>       Defendants.                        ) | Case No. _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR ANTITRUST VIOLATIONS**

COMES NOW Plaintiff, P & M Distributors, Inc., and for its Complaint against Defendants, Prairie Farms Dairy, Incorporated, P.F.D. Supply Corporation and Muller-Pinehurst Dairy, Inc., for Antitrust Violations and states:

**PARTIES**

1.  P & M Distributors, Inc. is a corporation organized and existing under the laws of the State of Illinois.  Its principal place of business is in Des Plaines (Cook County), Illinois.

2.  Prairie Farms Dairy, Incorporated (hereinafter "Prairie Farms") is a corporation organized under the laws of the State of Illinois.  Its principal office and place of business is in Carlinville (Macoupin County), Illinois.

3.  P.F.D. Supply Corporation (hereinafter "Prairie Supply") is a corporation organized under the laws of the State of Illinois.  It maintains its principal office and place of business in Carlinville (Macoupin County), Illinois.

4.     Muller-Pinehurst Dairy, Inc. (hereinafter "Muller-Pinehurst") is a corporation organized under the laws of the State of Illinois. It maintains its principal office and place of business in Rockford (Winnebago County), Illinois.

## JURISDICTION AND VENUE

5.     This is an action for violation of the antitrust laws, the Sherman Act, 15 U.S.C. § 1, et seq., and the Clayton Act, 15 U.S.C. § 13, et seq.

6.     Subject matter jurisdiction over the claims asserted in this Complaint arise under 28 U.S.C. § 1331 in that this action involves a federal question.

7.     This Court has personal jurisdiction over Defendants, Prairie Farms, Prairie Supply and Muller-Pinehurst, in that the principal offices and place of business of Defendants, Prairie Farms and Prairie Supply, are located in Carlinville (Macoupin County), Illinois, and the principal office and place of business of Defendant, Muller-Pinehurst) is located in Illinois, it is an Illinois domestic corporation, and it has engaged in substantial business transactions with Defendant, Prairie Farms, in Macoupin County, Illinois. Prairie Farms is also owns fifty percent of the common stock of Muller-Pinehurst and controls its activities.

8.     Venue is proper in the Central District of Illinois under 28 U.S.C. § 1391(b)(1) in that Defendants, Prairie Farms and Prairie Supply, reside within the geographical jurisdiction of this Court, Macoupin County, Illinois.

## FACTUAL BACKGROUND

9. Prairie Farms and Prairie Supply have operated, and continue to operate, a dairy product production and supply business within the State of Illinois at all times herein relevant, procuring milk from farmers, then producing consumable dairy products and selling the milk to the public through distributors such as Muller-Pinehurst, Lockwood Dairy, Hawthorn Mellody, Inc. and Cary Dairy, among others. Those distributors sell to the intermediate customers, including schools, nursing homes, hospitals and retailers, both through direct sales and through sub-distributors. The schools, hospitals, nursing homes and retailers, such as supermarkets and convenience stores, then sell the dairy products to the consuming public.

10. From the fall of 1998 until late September or early October 2007, Plaintiff purchased Prairie Farms dairy products from one of its distributors, Hawthorn Mellody, Inc., and resold those dairy products to schools, hospitals, nursing homes, retailers and other customers as a sub-distributor of Hawthorn Mellody, Inc., which in turn obtained the dairy products from Defendants, Prairie Farms and Prairie Supply, which acted jointly and in combination to purchase and resell the dairy products through distributors such as Hawthorn Mellody, Inc.

11. Neal Rosinsky is the President of Muller-Pinehurst. Prairie Farms owns fifty percent of Muller-Pinehurst and controls its activities. The other fifty percent of Muller-Pinehurst is owned by Mid-West Dairymen's Association.

12. At all times herein relevant, Neal Rosinsky was an agent and/or employee of Prairie Farms, Prairie Supply and Muller-Pinehurst and was acting within the course and scope of his authority for Prairie Farms, Prairie Supply and Muller-Pinehurst.

13. During April 2006, Plaintiff submitted a bid to School District No. 54 in Schaumburg, Illinois, bidding on a three-year contract to supply dairy products to that school. Cary Dairy and Lockwood Dairy, both sub-distributors of Prairie Farm products for Muller-Pinehurst also submitted bids to provide Prairie Farm dairy products to School District No. 54. Plaintiff's bid was low by $5,000.00 per year for Prairie Farms products.

14. At that time Neal Rosinsky advised Plaintiff that Cary Dairy was retiring and Lockwood Dairy (both sub-distributors of Muller-Pinehurst) was replacing it; that Plaintiff was not permitted by Prairie Farms to bid on the Schaumburg School District contract because that would drive down the price received for dairy products sold by Muller-Pinehurst and Prairie Farms; that Cary Dairy had submitted an inflated, high, bid to Schaumburg schools so that Lockwood Dairy would be the low bidder and that Plaintiff would not be permitted to compete with other Prairie Farms distributors, including Muller-Pinehurst and its sub-distributors on the basis of price.

15. Neal Rosinsky and others affiliated with him then advised Schaumburg School District No. 54 that Plaintiff was not qualified and was not sufficiently experienced to handle the Prairie Farms dairy products contract for

that School District, which awarded the contract to Lockwood Dairy, a sub-distributor of Muller-Pinehurst.

16.     Between April 2006 and late September or early October 2007, Neal Rosinsky repeatedly advised Plaintiff, through Patrick Izzo, who was handling day-to-day operations for Plaintiff, that Plaintiff would not be permitted to bid against other Prairie Farms distributors and sub-distributors for dairy supply contracts with institutions such as hospitals, nursing homes and schools on the basis of price.  Other agents and employees of Prairie Farms, including but not limited to Bob Builda, participated in some of those meetings.

17.     Muller-Pinehurst either directly, or through sub-distributors, provided Prairie Farms brand dairy products to a group of about thirty nursing homes owned and/or managed by EKS Management.

18.     Muller-Pinehurst paid IIT Source Tech a commission of approximately two percent of the sales of Muller-Pinehurst and/or its sub-distributors, including but not limited to Schuring & Schuring, made to the thirty nursing homes managed or owned by EKS Management.

19.     Plaintiff submitted successful bids for Prairie Farms dairy products to two of the thirty nursing homes managed or owned by EKS Management, Burnham Healthcare and Presidential Pavilion.  Plaintiff submitted low bids to Burnham Healthcare and Presidential Pavilion and was awarded Prairie Farms dairy products supply contracts by those two nursing homes.

20.     Beginning in about April 2006, Neal Rosinsky advised Plaintiff, through Patrick Izzo, on numerous occasions, that Plaintiff could not submit Prairie Farms dairy products supply bids to any of the other twenty-eight nursing homes owned or managed by EKS Management at prices lower than the bids submitted by Muller-Pinehurst and/or its sub-distributors.

21.     Beginning in about April 2006, until late September, early October 2007, Neal Rosinsky submitted minimum price lists to Plaintiff for all Prairie Farms dairy products sold by Plaintiff to either Burnham Healthcare or Presidential Pavilion in order to prevent Plaintiff from selling at prices lower than Muller-Pinehurst was selling Prairie Farms dairy products to the other twenty-eight nursing homes in the group managed by EKS Management, and prohibited Plaintiff from bidding on contracts with any of the other twenty-eight nursing homes in the group.

22.     Neal Rosinsky repeatedly advised Patrick Izzo that if Plaintiff were permitted to sell Prairie Farms dairy products to Burnham Healthcare and Presidential Pavilion at prices lower than Muller-Pinehurst was selling the same products to the other twenty-eight nursing homes in the group, the other twenty-eight nursing homes would start buying from Plaintiff at the lower prices.

23.     Therefore, according to Neal Rosinsky, Plaintiff could only sell to Burnham Healthcare and Presidential Pavilion at or above minimum prices established by Muller-Pinehurst, which was acting on behalf of Prairie Farms (its fifty percent owner and supplier).

24. Attached hereto as Exhibit A is a facsimile cover sheet from Neal Rosinsky to Patrick Izzo on behalf of Plaintiff, dated June 19, 2007, enclosing a two-page price list for dairy products sold to the IIT Group (the group of thirty nursing homes) after July 2, 2007. Plaintiff received similar price lists and similar cover memos before and after June 19, 2007.

25. At all times herein relevant, Muller-Pinehurst and Prairie Farms acted jointly and in concert to maximize the profits of Prairie Farms and Muller-Pinehurst by preventing Plaintiff from competing on the basis of price for the resale of Prairie Farms dairy products to schools, hospitals, nursing homes and other institutions.

## COUNT I

### (ANTITRUST VIOLATIONS)

26. The allegations of ¶¶ 1-25 are incorporated herein by reference.

27. Defendants, Prairie Farms, Prairie Supply and Muller-Pinehurst, acting in concert and jointly, violated the Sherman and Clayton Acts, 15 U.S.C. § 1 et seq. and 15 U.S.C. § 13(a) et seq. by restraining trade and by preventing free competition on the basis of price by requiring Plaintiff to sell dairy products at or above minimum price levels established by Defendants when selling to Burnham Healthcare and Presidential Pavilion and by barring Plaintiff from bidding on, or selling to, the other twenty-eight members of the IIT/EKS Management Group of thirty nursing homes and by barring Plaintiff from bidding on schools and other institutions which Muller-Pinehurst or its sub-distributors intended to bid.

28. Plaintiff has sustained damages in a sum in excess of $300,000.00 as a result of the antitrust violations described above.

29. The Defendants, and each of them, acted intentionally to restrain Plaintiff from competing on the basis of price and to bar Plaintiff from competing for business in order to maintain high prices to the ultimate consumers and to increase the profits of the Defendants, and each of them.

30. Plaintiff is entitled to recover its actual damages, treble damages, reasonable attorneys' fees and prejudgment interest pursuant to 15 U.S.C. § 15.

## JURY TRIAL DEMANDED

Plaintiff hereby demands trial by a jury pursuant to Fed.R.Civ.P. 38 and the Seventh Amendment to the United States Constitution.

## PRAYER

WHEREFORE, Plaintiff respectfully requests Judgment against the Defendants, Prairie Farms, Prairie Supply and Muller-Pinehurst, jointly and severally, as follows:

(1) For damages, including lost profits, in an amount in excess of $300,000.00;

(2) For an award of Plaintiff's reasonable attorneys' fees in a sum in excess of $50,000.00;

(3) For an award of prejudgment interest;

(4) For an award of treble damages increasing the amount requested in subparagraph (1) above adding additional damages in a sum in excess of $600,000.00;

(5) For such other and further relief that is warranted by the evidence presented.

        /s/ David M. Duree
David M. Duree, ARDC 0697087
David M. Duree & Associates, P.C.
312 South Lincoln Avenue
P.O. Box 1416
O'Fallon, IL  62269-1416
Tel:   618-628-0186
Fax:  618-628-0259
Email:  law@dmduree.net

Attorneys for Plaintiff, P & M Distributors, Inc.