IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| P & M DISTRIBUTORS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 11-CV-3145-RM-CH |
| | ) | |
| vs. | ) | |
| | ) | |
| PRAIRIE FARMS DAIRY, INCORPORATED, | ) | |
| P.F.D. SUPPLY CORPORATION, | ) | **JURY TRIAL DEMANDED** |
| MULLER-PINEHURST DAIRY, INC., | ) | |
| SCHURING & SCHURING, INC., and | ) | |
| LOCKWOOD ENTERPRISES, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT FOR ANTITRUST VIOLATIONS**

COMES NOW Plaintiff, P & M Distributors, Inc., pursuant to Fed.R.Civ.P. 15(a)(1)(B), for its First Amended Complaint against Defendants, Prairie Farms Dairy, Incorporated, P.F.D. Supply Corporation, Muller-Pinehurst Dairy, Inc., Schuring & Schuring, Inc., and Lockwood Enterprises, Inc., for Antitrust Violations, and states:

**PARTIES**

1. P & M Distributors, Inc. is a corporation organized and existing under the laws of the State of Illinois. Its principal place of business is in Des Plaines (Cook County), Illinois.

2. Prairie Farms Dairy, Incorporated (hereinafter "Prairie Farms") is a corporation organized under the laws of the State of Illinois. Its principal office and place of business is in Carlinville (Macoupin County), Illinois.

3. P.F.D. Supply Corporation (hereinafter "Prairie Supply") is a corporation organized under the laws of the State of Illinois. It maintains its principal office and place of business in Carlinville (Macoupin County), Illinois.

4. Muller-Pinehurst Dairy, Inc. (hereinafter "Muller-Pinehurst") is a corporation organized under the laws of the State of Illinois. It maintains its principal office and place of business in Rockford (Winnebago County), Illinois.

5. Schuring & Schuring, Inc. is a corporation organized under the laws of the State of Illinois. It maintains its principal office and place of business in Elgin, Illinois.

6. Lockwood Enterprises, Inc. is a corporation organized and existing under the laws of the State of Illinois. It maintains its principal office and place of business in Crestwood, Illinois.

## JURISDICTION AND VENUE

7. This is an action for violation of the antitrust laws, the Sherman Act, 15 U.S.C. § 1, et seq., and the Clayton Act, 15 U.S.C. § 13, et seq.

8. Subject matter jurisdiction over the claims asserted in this Complaint arise under 28 U.S.C. § 1331 in that this action involves a federal question.

9. This Court has personal jurisdiction over Defendants, Prairie Farms, Prairie Supply and Muller-Pinehurst, in that the principal offices and place of business of Defendants, Prairie Farms and Prairie Supply, are located in Carlinville (Macoupin County), Illinois, and the principal office and place of business of Defendant, Muller-Pinehurst) is located in Illinois, it is an Illinois

domestic corporation, and it has engaged in substantial business transactions with Defendant, Prairie Farms, in Macoupin County, Illinois. Prairie Farms owns fifty percent of the common stock of Muller-Pinehurst. Mid-West Dairymen's Association owns the other fifty percent of Muller-Pinehurst. Schuring & Schuring, Inc. is located in Elgin (Kane County), Illinois. Lockwood Enterprises, Inc. is located in Crestwood (Cook County), Illinois.

10. Venue is proper in the Central District of Illinois under 28 U.S.C. § 1391(b)(1) in that Defendants, Prairie Farms and Prairie Supply, reside within the geographical jurisdiction of this Court, Macoupin County, Illinois.

## FACTUAL BACKGROUND

11. Prairie Farms and Prairie Supply have operated, and continue to operate, a dairy product production and supply business within the State of Illinois at all times herein relevant, procuring milk from farmers, then producing consumable dairy products and selling the milk to the public through distributors such as Muller-Pinehurst, Lockwood Dairy, Hawthorn Mellody, Inc. and Cary Dairy, among others. Those distributors sell to the intermediate customers, including schools, nursing homes, hospitals and retailers, both through direct sales and through sub-distributors. The schools, hospitals, nursing homes and retailers, such as supermarkets and convenience stores, then sell the dairy products to the consuming public.

12. From the fall of 1998 until late September or early October 2007, Plaintiff purchased Prairie Farms dairy products from one of its distributors, Hawthorn Mellody, Inc., and resold those dairy products to schools, hospitals,

nursing homes, retailers and other customers as a sub-distributor of Hawthorn Mellody, Inc., which in turn obtained the dairy products from Defendants, Prairie Farms and Prairie Supply.

13. Neal Rosinsky is the President of Muller-Pinehurst. Prairie Farms owns fifty percent of Muller-Pinehurst. The other fifty percent of Muller-Pinehurst is owned by Mid-West Dairymen's Association.

14. At all times herein relevant, Neal Rosinsky was an agent, officer and employee of Muller-Pinehurst.

15. At all times herein relevant, William Wilberding was an agent, employee and Director of Operations for Prairie Farms.

16. At all times herein relevant, Duane Schuring was an officer, agent and employee of Schuring & Schuring, Inc.

17. At all times herein relevant, Jerry Lockwood was an officer, agent and employee of Lockwood Enterprises, Inc.

18. During the period from before 2004 through and after 2007, Prairie Farms controlled between 60 percent and 80 percent of the market for liquid milk and related products for elementary schools and high schools, both public and Catholic, within Cook, Lake, Will and Dupage Counties, Illinois.

19. From before 2004 through 2007 and thereafter, Prairie Farms controlled 100 percent of the liquid milk and related products market for a group of 30 nursing homes which received management services from EKS Management and Marketing services from IIT SourceTech. The 30 nursing homes are located within Cook, Lake, Will and Dupage Counties, Illinois.

20. From before 2004 through and after 2007, Prairie Farms and Prairie Supply, through William Wilberding, and other agents, and Muller-Pinehurst through Neal Rosinsky and other agents and Lockwood Enterprises, Inc. through Jerry Lockwood and other agents and Schuring & Schuring, Inc. through Duane Schuring and others agents, through a series of agreements and concerted actions conspired to maintain higher, anti-competitive, milk prices for the liquid milk and related dairy product markets that Prairie Farms controlled, including, but not limited to, the school district market for Cook, Lake, Dupage and Will Counties and the 30 nursing home EKS Management/IIT SourceTech market described above, by prohibiting other Prairie Farms Distributors and sub-distributors from bidding on milk supply contracts for those two markets, and by requiring that any bids submitted by other distributors or sub-distributors, such as Plaintiff, be at or above minimum, inflated, price levels determined by Prairie Farms, causing the consumers in those two markets to pay higher than market prices for liquid milk and related dairy products.

21. At all times herein relevant, Schuring & Schuring, Inc. was a Prairie Farms distributor and Lockwood Enterprises was also a Prairie Farms Distributor, which sold Prairie Farm milk and related dairy products to the schools and nursing homes in the markets described above, as distributors of Prairie Farms and/or as sub-distributors of Muller-Pinehurst.

22. During the period described above, and within the school district and nursing home markets described above, Defendants agreed, and

conspired, to inflate milk prices in said markets in which Prairie Farms had a dominate market power, by requiring that milk products be sold at prices higher than Prairie Farms milk products were being sold generally.

23. Defendants, and each of them, violated the Sherman Act, 15 U.S.C. § 1, et seq. and the Clayton Act, 15 U.S.C. § 13, by conspiring to fix anti-competitive prices in the school district and nursing home markets described above, causing those consumers to pay inflated, higher than market prices, and by prohibiting Plaintiff from competing to provide Prairie Farms milk products to those markets at lower prices, causing Plaintiff to sustain damages through lost sales, contracts and lost profits.

## COUNT I.

## (ANTITRUST VIOLATIONS-THE SCHOOL DISTRICT MARKET)

24. Plaintiff realleges and incorporates herein by reference ¶¶ 1-23, as set forth above.

25. During April 2006, Plaintiff submitted a bid to School District No. 54 in Schaumburg, Illinois, bidding on a three-year contract to supply dairy products to that school. Cary Dairy and Lockwood Dairy, both sub-distributors of Prairie Farm products for Muller-Pinehurst also submitted bids to provide Prairie Farm dairy products to School District No. 54. Plaintiff's bid was low by $5,000.00 per year for Prairie Farms products.

26. At that time Neal Rosinsky advised Plaintiff that Cary Dairy was retiring and Lockwood Dairy (both sub-distributors of Muller-Pinehurst) was replacing it; that Plaintiff was not permitted by Prairie Farms to bid on the

Schaumburg School District contract because that would drive down the price received for dairy products sold by Muller-Pinehurst and Prairie Farms; that Cary Dairy had submitted an inflated, high, bid to Schaumburg schools so that Lockwood Dairy would be the low bidder and that Plaintiff would not be permitted to compete with other Prairie Farms distributors, including Muller-Pinehurst and its sub-distributors on the basis of price.

27. Neal Rosinsky and others affiliated with him then falsely advised Schaumburg School District No. 54 that Plaintiff was not qualified, and was not sufficiently experienced, to handle the Prairie Farms dairy products contract for that School District, which then awarded the contract to Lockwood Dairy, a sub-distributor of Muller-Pinehurst.

28. Between April 2006 and late September or early October 2007, Neal Rosinsky repeatedly advised Plaintiff, through Patrick Izzo, who was handling the day-to-day operations for Plaintiff, that Plaintiff would not be permitted to bid against other Prairie Farms distributors and sub-distributors for school districts within Cook, Lake, Dupage and Will Counties, Illinois, with the exception of the few school districts with which Plaintiff already had existing contracts of long duration, because Prairie Farms and Muller-Pinehurst wished to maintain higher than normal prices for the consumers within that school district market in which, at that time, Prairie Farms had dominate market power.

29. During, about, May 2007, Plaintiff prepared to submit a bid for the Romeoville, Illinois school district. Lockwood Enterprises was the Prairie

Farms distributor on the existing milk supply contract, which was about to expire. Plaintiff was directed by Neal Rosinsky, who stated that he was also acting on behalf of Jerry Lockwood of Lockwood Enterprises, to submit a bid that was higher than the bid submitted by Lockwood Enterprises, and that in exchange Lockwood Enterprises would transfer its existing contract for the Dolton School District to Plaintiff. Plaintiff, under duress, complied with this demand by submitting prices on only milk products in plastic containers (which are higher in price) and did not submit a bid for milk products contained in paper/cardboard containers (which are less expensive). The new contract was awarded to Lockwood Enterprises by the Romeoville School District for milk in paper/cardboard containers. Lockwood Enterprises then refused to transfer its existing contract for the Dolton School District to Plaintiff.

30. From before 2004 through and after 2007, Defendants Prairie Farms, Prairie Supply, Muller-Pinehurst, Lockwood Enterprises and Schuring & Schuring kept consumer prices for the 30 nursing homes market and for the four-county school district market, which Prairie Farms dominated, higher than prices for the same Prairie Farm milk products and for other milk products by other suppliers in the four-county area, by prohibiting Plaintiff and other Prairie Farms distributors from submitting lower bids, causing those consumers to sustain damages by paying higher than market prices for their milk products, and, at the same time, damaged Plaintiff by prohibiting Plaintiff from obtaining contracts for the Romeoville School District, for the

Schaumburg School District and for other school districts within the four-county area, causing Plaintiff to lose sales in a sum in excess of $1 million per year and profits in excess of $200,000.00 per year from the school district market within the four-county area.

31. The Defendants, and each of them, acted intentionally to restrain Plaintiff from competing on the basis of price within the four-county school district market and to bar Plaintiff from competing for business in order to maintain higher prices for the Prairie Farms milk and related products sold by Defendants to the customers in that market, thereby increasing profits to the Defendants at the expense of the consumers in that market and to the damage of the Plaintiff.

32. Plaintiff is entitled to recover its actually damages, treble damages, reasonable attorneys' fees and pre-judgment interest pursuant to 15 U.S.C. § 15.

## COUNT II

### (ANTI-TRUST VIOLATIONS-THE NURSING HOME MARKET)

33. Plaintiff reallges and incorporates herein by reference the allegations of ¶¶ 1-23 and 30 as set forth above.

34. Muller-Pinehurst either directly, or through sub-distributors, provided Prairie Farms brand dairy products to a group of about thirty nursing homes owned and/or managed by EKS Management during the period of time described above.

35.     Muller-Pinehurst paid IIT Source Tech a commission of approximately two percent of the sales of Muller-Pinehurst and/or its sub-distributors, including but not limited to Schuring & Schuring and Lockwood Enterprises, made to the thirty nursing homes managed or owned by EKS Management.

36.     Plaintiff submitted successful bids for Prairie Farms dairy products to two of the thirty nursing homes managed or owned by EKS Management, Burnham Healthcare and Presidential Pavilion.  Plaintiff submitted low bids to Burnham Healthcare and Presidential Pavilion and was awarded Prairie Farms dairy products supply contracts by those two nursing homes.

37.     Neal Rosinsky, pursuant to an agreement with Prairie Farms and the other Defendants, then ordered Plaintiff to pay a 2 percent commission to IIT SourceTech on the sales made by Plaintiff to the Burnham Healthcare and Presidential Pavilion nursing homes.

38.     Beginning in about April 2006 Neal Rosinsky, pursuant to an agreement with Prairie Farms and the other Defendants, advised Plaintiff, through Patrick Izzo, on numerous occasions, that Plaintiff could not submit Prairie Farms dairy products supply bids to any of the other twenty-eight nursing homes owned or managed by EKS Management at prices lower than the bids submitted by Muller-Pinehurst and/or its sub-distributors.

39.     Beginning in about April 2006, until late September, early October 2007, pursuant to an agreement with Prairie Farms and the other Defendants, Neal Rosinsky submitted minimum price lists to Plaintiff for all Prairie Farms

dairy products sold by Plaintiff to either Burnham Healthcare or Presidential Pavilion, in order to prevent Plaintiff from selling at prices lower than Muller-Pinehurst to the other twenty-eight nursing homes in the group managed by EKS Management, and prohibited Plaintiff from bidding on contracts with any of the other twenty-eight nursing homes in the group.

40. Neal Rosinsky repeatedly advised Patrick Izzo that if Plaintiff were permitted to sell Prairie Farms dairy products to Burnham Healthcare and Presidential Pavilion at prices lower than Muller-Pinehurst was selling the same products to the other twenty-eight nursing homes, the other twenty-eight nursing homes would start buying from Plaintiff at the lower prices.

41. According to Neal Rosinsky, who was acting pursuant to an agreement with Prairie Farms and the other Defendants, Plaintiff could only sell to Burnham Healthcare and Presidential Pavilion at or above minimum prices established by Prairie Farms.

42. Attached hereto as Exhibit A is a facsimile cover sheet from Neal Rosinsky to Patrick Izzo on behalf of Plaintiff, dated June 19, 2007, enclosing a two-page price list for dairy products sold to the IIT Group (the group of thirty nursing homes) after July 2, 2007. Plaintiff received similar price lists and similar cover memos before and after June 19, 2007.

43. If Plaintiff had been permitted to bid to supply Prairie Farms liquid milk and related dairy products to the other 28 nursing homes within this group, at the prices Plaintiff was selling those products in general within the four-county (Will, Cook, Dupage and Lake) area, Plaintiff would have obtained

contracts to sell all the Prairie Farms liquid milk and related dairy products to all 30 nursing homes within the EKS Management/IIT SourceTech market. This would have resulted in sales by Plaintiff to the 30 nursing homes in a sum in excess of $60,000.00 per month, $720,000.00 per year, which would have generated profits for Plaintiff in excess of $144,000.00 per year.

44. As a result of the above-described conduct by the Defendants, and each of them, acting pursuant to a common scheme, agreement and conspiracy, 28 of the 30 nursing homes within this market paid higher prices for milk, to their damage, and Plaintiff sustained damages in a sum in excess of $144,000.00 per year as a result of the contracts and sales lost by it.

44. The Defendants, and each of them, acted intentionally to restrain Plaintiff from competing on the basis of price and to bar Plaintiff from competing for business in order to maintain higher prices to the 30 nursing homes market dominated by Prairie Farms, increasing profits of the Defendants at the expense of the 30 nursing homes.

45. Plaintiff is entitled to recover its actual damages, treble damages, reasonable attorneys' fees and pre-judgment interest pursuant to 15 U.S.C. § 15.

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands trial by a jury pursuant to Fed.R.Civ.P. 38 and the Seventh Amendment to the United States Constitution.

## **PRAYER**

WHEREFORE, Plaintiff respectfully requests Judgment against the Defendants, Prairie Farms, Prairie Supply, Muller-Pinehurst, Schuring & Schuring, Inc. and Lockwood Enterprises, Inc., jointly and severally, as follows:

(1)  For damages, including lost profits, in an amount in excess of $300,000.00;

(2)  For an award of Plaintiff's reasonable attorneys' fees in a sum in excess of $100,000.00;

(3)  For an award of pre-judgment interest;

(4)  For an award of treble damages increasing the amount requested in subparagraph (1) above adding additional damages in a sum in excess of $600,000.00;

(5)  For such other and further relief that is warranted by the evidence presented.

        /s/ David M. Duree
David M. Duree, ARDC 0697087
David M. Duree & Associates, P.C.
312 South Lincoln Avenue
P.O. Box 1416
O'Fallon, IL  62269-1416
Tel:   618-628-0186
Fax:   618-628-0259
Email:  law@dmduree.net

Attorneys for Plaintiff, P & M Distributors, Inc.

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 19, 2011, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

srk@heplerbroom.com
Mr. Stephen R. Kaufmann
Hepler Broom, LLC
400 South Ninth Street, Suite 100
Springfield, IL 62701
Attorney for Defendants

    I also hereby certify that on June 19, 2011, the foregoing was mailed by United States Postal Service to the following non-participant in Electronic Case Filing:

Louis Boone Park
Alston & Bird, LLP
1201 West Peachtree Street, NW
Atlanta, GA  30309-3424
Attorney for Defendants

                                                     /s/ David M. Duree
                                        David M. Duree, ARDC 0697087
                                        David M. Duree & Associates, P.C.
                                        312 South Lincoln Avenue
                                        P.O. Box 1416
                                        O'Fallon, IL  62269-1416
                                        Tel:   618-628-0186
                                        Fax:  618-628-0259
                                        Email:  law@dmduree.net

                                        Attorneys for Plaintiff, P & M Distributors, Inc.